UNITED STATES of America

v.

Arthur T. WINTERS and Paul Roberts, a/k/a Paul Di Benedetto, Defendants.

No. 73 Cr. 582.

United States District Court, S. D. New York.

Jan. 21, 1975.

Paul J. Curran, U. S. Atty., Attorney for the Government by Douglas F. Eaton, Paul Vizcarrondo, Jr., Asst. U. S. Attys., of counsel, for United States.

F. Lee Bailey, Boston, Mass., for defendant Arthur T. Winters.

John P. Breen, New York City, for defendant Paul Roberts, a/k/a Paul Di Benedetto.

MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

"Any defendant may rely on the presumption of innocence and need do nothing more. The presumption of innocence is removed only when the government sustains its burden of proving the guilt of the defendant beyond a reasonable doubt."

"A reasonable doubt is a doubt founded in reason and arising out of the evidence in the case or the lack of evidence."

■ I have set out part of the usual charge to a jury in a criminal case as to what is a reasonable doubt since that same definition must be a guide for a judge when, as here, a criminal case is tried to the Court sitting without a jury.

The Grand Jury indicted the defendants Winters and Roberts (along with Jacob Gordon who was severed from the trial) on 33 counts of mail fraud and one count of conspiracy to commit mail fraud. At the end of the prosecution's main case, the government consented to the dismissal of 9 counts as to both defendants and the Court is left with the determination of the conspiracy count and 24 substantive counts as to Roberts and 23 as to Winters.

Because of my determination on the conspiracy count it will be unnecessary for me to discuss each of the substantive counts in detail.

Generally, the conspiracy alleged was an agreement to use the mails in a scheme to defraud whereby the defendants would induce prospective mortgagors to pay "application fees", "commissions" and "research, legal and preparation fees" for promised mortgages when in fact no such mortgages were even contemplated by the supposed lender.

Arthur T. Winters is an attorney in Worcester, Massachusetts, and during the years 1968–1970, he acted as general counsel for International Funding and Insurance Associates (hereinafter "I.F. &I.A."), a creation of Jacob Gordon, the defendant severed by the Court in this matter. The defendant Paul Roberts is a mortgage broker who referred various prospective mortgagors to I.F. &I.A.

It is the government's contention that the two defendants Winters and Roberts took fees and commissions from prospective mortgagors when they knew that I. F.&I.A. did not, would not and could not grant mortgage financing to anyone.

It appears that Jacob Gordon, while employed by Massachusetts Mutual Insurance Co., put together I.F.&I.A. At first, Gordon made the insurance company's branch manager an officer of his creation and did his business on Massachusetts Mutual letterhead.

After the founding of I.F.&I.A., Gordon issued various loan commitments in connection with which he sold life insurance. After a few months, however, the officials of Massachusetts Mutual insisted that Gordon stop using the Massachusetts Mutual stationery. But it was during this time that the defendant Roberts answered an I.F.&I.A. advertisement and received a letter on Massachusetts Mutual stationery from Gordon. Roberts also met Gordon and called the Massachusetts Mutual office in New York to check if Gordon was really employed by the insurance company.

During his meeting with Roberts, Gordon represented that I.F.&I.A. was made up of Massachusetts Mutual officials and had monies with which to fund commitments.

Roberts started shortly thereafter sending prospective borrowers to I.F. &I.A. During the period in which Roberts sent prospective borrowers to I.F. &I.A., none of the loans for which commitments were issued ever closed. Because of this fact the government asks this Court to conclude that Roberts knew that I.F.&I.A. had no funds for the commitments which it had issued.

■ But the activities of the defendant Roberts belie this inference. In at least one case Roberts paid a substantial fee for a survey of the property on which the mortgage was to be placed. This fee was not repaid by the borrower. If Roberts had known that he was getting worthless commitments, there can be no explanation as to why he would pay such a fee.

Roberts relied on I.F.&I.A. and Gordon's statements but also he relied upon the fact that a lawyer, Mr. Winters, was deeply involved in the activity of Gordon's creation.

There are other items of evidence which also show that Roberts might well have been innocent of any fraud. Ac-

cordingly, I find that the government has failed in its burden of proof and a verdict of not guilty will enter as to the defendant Paul Roberts.

Turning then to the defendant Winters, the first exhibit offered by the government was eight large cartons containing documents originally kept in Winters' office and obtained by a search warrant. It is clear that these documents were either prepared by the defendant Winters or obtained by him in correspondence with the prospective borrowers.

■ In one case, Winters exchanged at least 50 letters with the prospective borrower. In another situation, Winters had prepared a complete typewritten mortgage (not a form) to be used on the closing of the deal.

The government also introduced a ledger book kept in Winters' office which details every fee received by Winters in connection with his activities with I.F.&I.A. There is also a breakdown in the ledger of the distribution of these fees between Winters and Gordon.

I cannot believe that these are the actions of a man who is intending to commit a mail fraud.

The government contends, however, that after Gordon left and went to Canada, Winters set up a new entity, International Funding Associates of America (hereinafter "I.F.A.A.") which he used to continue his fraud. This fact, it is argued, shows that Winters had knowledge and intention sufficient to support a guilty verdict.

But this ignores the facts that once again Winters kept up his ledger and prepared documents similar to those prepared by him for I.F.&I.A. When the search warrant was executed, no request nor search was made for any files of prospective lenders to I.F.&A.A.

As to Winters also, I find that the government has failed in its burden of proof and a verdict of not guilty will enter.

So ordered.